## LEVY v. FURBER.

(Supreme Court, Appellate Division, Second Department.   December 14, 1900.)

AGENCY—COMPETENCY OF EVIDENCE.

· In an action against a father for goods sold to the son, a question put to plaintiff by his counsel, "Do you know defendant's son, who managed the store for him?" and the answer thereto, were incompetent to support the theory that the son acted as agent for the father.

Appeal from municipal court of New York.

Action by Max Levy against John W. Furber.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

G. J. Wiederhold, for appellant.

M. Hallheimer, for respondent.

PER CURIAM.   This action appears to have been brought to recover the sum of $75.44 for cigars which the plaintiff claims to have sold to the defendant, as the proprietor of the store No. 1235 Broadway, in the borough of Brooklyn.   The cigars were sold in the months of October and November, 1899, and the dealings were actually had by the plaintiff with the defendant's son, Albert W. Furber.   The theory of the plaintiff, however, was that the son acted as agent for the father in the transactions.   There is evidence opposed to this theory, and we would not feel justified in reversing the judgment as against the weight of evidence.   In support of the plaintiff's theory, however, he was asked by his counsel the question (referring to the store No. 1235 Broadway), "Do you know the defendant's son, who managed the store there for him?" and he was permitted to answer in the affirmative, under objection and exception. Such evidence so elicited is manifestly useless as proof of the substantive fact that the store in question was conducted by the defendant under his son's management.   There was evidence tending to establish that the father and son were co-partners in business prior to January, 1899;   that a bill of sale of his interest in the store and stock was duly executed and delivered by the defendant to his son on the 3d day of January, 1899;   that the son conducted the business thereafter in his own right and interest;   and that the cigars in suit were purchased by the son in his own name, and were so billed to him by the plaintiff.   The plaintiff, while not admitting that the bills after January, 1899, were made out against the son, testified that he did not remember how they were made out at that time.   Under the circumstances, we think there should be a new trial of the case.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event.